UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-80200-CIV-MARRA/MATTHEWMAN

DURHAM COMMERCIAL CAPITAL CORP.,
a New York corporation,

                  Plaintiff,

vs.

OCWEN LOAN SERVICING, LLC, a Delaware
limited liability company,

                  Defendant.

_____/

## OPINION AND ORDER

This cause is before the Court upon Defendant Ocwen Loan Servicing, LLC's ("Ocwen"

"Defendant") Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 19(b) for

Failure to Join a Necessary Party or, in the alternative, to Transfer Venue to the United States

Bankruptcy Court for the District of Massachusetts or Stay this Action Pending Resolution of the

Bankruptcy Case and Any Proceedings Arising in or Related thereto (DE 11); Defendant's

Request for Judicial Notice (DE 12) and Plaintiff Durham Commercial Capital Corp.'s

("Durham" "Plaintiff") Motion to Strike Declaration of Stewart F. Grossman (DE 22).  The

Court has carefully considered the Motions and is otherwise fully advised in the premises.

I.  Background

Plaintiff has brought a one-count Complaint against Defendant for breach of statutory

duty to pay accounts under Article 9 of the Uniform Commercial Code.  (Compl., DE 1.)

According to the allegations of the Complaint, Plaintiff is in the factoring business, which entails

the contractual purchasing of accounts.  In the factoring business, the factor (here, Plaintiff)

purchases accounts from the party with whom it has a contractual relationship (here, Connolly, Geaney, Ablitt & Willard, P.C. ("Connolly")).  After paying the purchase price for the accounts, Plaintiff, as the factor, awaits payment from the factoring client's customers or "account debtors" (here, Defendant).  (Compl. ¶ 10.)

On or about November 7, 2012, Connolly (through its predecessor name, Ablitt Scofield, P.C.) entered into a non-recourse receivables purchase contract and security agreement ("factoring agreement") pursuant to which Plaintiff purchased certain of Connolly's accounts ("purchased accounts").  (Compl. ¶ 12; Ex. 2, DE 1.)  In addition to the sale of accounts, Connolly also granted Plaintiff, as security for all present and future obligations of Connolly, a continuing security interest in the purchased accounts and a security interest in certain specified collateral which included non-purchased accounts and all proceeds of those accounts ("collateral").  (Compl. ¶ 13.)

On November 14, 2012, Plaintiff caused a UCC-1 Financing Statement to be filed with the Rhode Island Secretary of State. On October 10, 2013, Plaintiff caused a UCC-3 Amended Financial Statement to be filed with the Rhode Island Secretary of State. (Compl. ¶ 14, Ex. 3 and 4, DE 1.)

On or about December 21, 2012, September 10, 2013 and January 7, 2014, Plaintiff transmitted a letter to Defendant advising Defendant that the purchased accounts had been assigned to Plaintiff and Defendant should pay all existing and future invoices only to Plaintiff. (Compl. ¶ 15; Ex. 5, DE 1.)

During the year 2013 and up to approximately May of 2014, Plaintiff alleges Defendant wrongfully paid Connelly, rather than Plaintiff, monies to satisfy various accounts.   (Compl. ¶

23.)

In support of its motion, Defendant provides the following evidence for the Court's consideration: Connolly's chapter 7 bankruptcy case is pending in the United States Bankruptcy Court for the District of Massachusetts and Stuart F. Grossman (the "Trustee") has been appointed as the Chapter 7 Trustee.  In re Connolly Geaney Ablitt & Willard PC, No. 14-14164 (Bankr. D. Mass).  The Trustee has investigated the amounts and nature of Connolly's account receivables and Plaintiff's factoring agreement.  The Trustee states he may commence a contested matter or adversary proceeding seeking a declaratory judgment against Plaintiff and other parties, that the purported factoring agreement is invalid and that the bankruptcy estate is the rightful owner of the accounts receivable that Plaintiff is attempting to collect.  (Grossman Aff. ¶ 7, DE 13-1.)[1]  The Trustee also states that the bankruptcy estate has $610,165.39 in accounts receivables but does not identify how much of those funds are attributable to Plaintiff. (Grossman Aff. ¶ 6.)

According to the Trustee, the relief sought in the instant case implicates matters of his investigation into the bankruptcy case and may impair the administration of the bankruptcy estate by leading to an interpretation of the factoring agreement that is prejudicial in any later contested matter or adversary proceeding that he may bring against Plaintiff and others in the bankruptcy court.  (Grossman Aff. ¶ 8.)  In a filing to the bankruptcy court, the Trustee stated that Plaintiff "collected, and possibly may still be attempting to collect, [r]eceivables of the Debtor for its own benefit." (Ex. E, DE 12.)

---

[1] The Court denies Plaintiff's motion to strike the Trustee's declaration. (DE 29.)  The Court has reviewed the declaration and does not find that any of the Trustee's statements constitute impermissible legal opinion under Rule 702 of the Federal Rules of Evidence.

Defendant moves to have the Complaint dismissed pursuant to Rule 19(b) of the Federal Rules of Civil Procedure for failure of Plaintiff to join Connolly.  Defendant contends that Plaintiff seeks to evade the jurisdiction of the bankruptcy court and the reach of the bankruptcy trustee, who is investigating the amounts and nature of Connolly's accounts receivables. Additionally, Defendant argues that, because the instant dispute centers on an agreement between Plaintiff and Connolly, and turns on the question of who properly owns the accounts receivable, the bankruptcy estate - which cannot be joined - is impacted.  Defendant seeks dismissal or, alternatively, transfer to the bankruptcy court or a stay of the instant case pending the bankruptcy court's decision as to the legal ownership of the accounts receivables.

Plaintiff responds that the Uniform Commercial Code provides for a direct cause of action by Plaintiff (the assignee) against Defendant (the account debtor) without the necessity of joining Connolly (the assignor).  Further, Plaintiff states that the Complaint does not fall under the subject matter jurisdiction of the bankruptcy court because its claim is neither a "core" proceeding under 28 U.S.C. § 157(b) nor "related to" the bankruptcy case under 28 U.S.C. § 1334(b).  Plaintiff also argues that the instant case does not qualify for transfer under sections 1404(a) or 1412 and the case should not be stayed because its outcome will not have any effect on the bankruptcy estate.

II.  Legal Standard

Federal Rule of Civil Procedure 19(a)(1) and (b) determines when a nonparty must be joined as a necessary party:

(a) Persons Required to Be Joined if Feasible.

(1) Required Party.  A person who is subject to service of process and whose joinder will not

4

deprive the court of subject-matter jurisdiction must be joined as a party if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

. . .

> (b) When Joinder Is Not Feasible. If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed. The factors for the court to consider include:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
> (2) the extent to which any prejudice could be lessened or avoided by:
>> (A) protective provisions in the judgment;
>> (B) shaping the relief; or
>> (C) other measures;
> (3) whether a judgment rendered in the person's absence would be adequate; and
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19.  See also City of Marietta v. CSX Transp., Inc., 196 F.3d 1300, 1305 (11th Cir.1999).  If it is not feasible to join a necessary party, it is then up to the court to determine whether, "in equity and good conscience," the action can still proceed, or whether it must be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(7) and 19(b) because the necessary party is indispensable.[2] See id.

_____

[2] While numerous courts use the terms "necessary" and "indispensable" interchangeably, Rule 19(a) governs the analysis used in determining whether a party is necessary, and Rule 19(b) controls the indispensability analysis.  See Brown v. Reed Elsevier, Inc., No. 08–81574–CIV, 2009 WL 3064751, at *3 (S.D. Fla. Sept. 21, 2009).

On a motion to join an indispensable party, the burden is on the movant to demonstrate why that party is required.  See West Peninsular Title Co. v. Palm Beach County, 41 F.3d 1490, 1492 (11th Cir. 1995); BFI Waste Sys. of N. Am. v. Broward County, 209 F.R.D. 509, 514 (S.D. Fla. 2002). Whether a party is necessary or indispensable under Rule 19 is governed by federal law in diversity cases.  See Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 125 n. 22 (1968); Lone Star Indus., Inc. v. Redwine, 757 F.2d 1544, 1548 (5th Cir. 1985). However, "state-law questions may arise in determining what interest the outsider actually has." Provident, 390 U.S. at 125 n.22. A court may consider competent evidence outside the pleadings in order to evaluate whether a party should be joined.  See Citizen Band Potawatomi Indian Tribe v. Collier, 17 F.3d 1292, 1293 (10th Cir.1994); Estes v. Shell Oil Co., 234 F.2d 847, 849 n. 5, 850 (5th Cir.1956).[3]

    III.  Discussion

    The parties do not dispute that Connolly, as a debtor, cannot be joined in this action.  See 11 U.S.C. § 362 (automatic stay operates with respect to "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title").  Instead, the parties dispute whether Connolly is a required party in this action.

_____

    [3] The decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the circuit.  Bonner v. Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

6

Plaintiff brings a claim against Defendant pursuant to Florida Statute § 679.4061 which provides in part:

> [A]n  account debtor on an account . . . may discharge its obligation by paying the assignor until, but not after, the account debtor receives a notification, authenticated by the assignor or the assignee, that the amount due or to become due has been assigned and that payment is to be made to the assignee. After receipt of the notification, the account debtor may discharge its obligation by paying the assignee and may not discharge the obligation by paying the assignor.

Florida Statute § 679.4061.  "It is well established under Florida law that a debtor who receives actual notice of the assignment of an account receivable or an obligation to pay may be held liable to the assignee if the debtor later pays the assigned debt to the assignor rather than the assignee." Building Materials Corp. of Am. v. Presidential Fin. Corp., 972 So. 2d 1090, 1092 (Fla. Dist. Ct. App. 2008).

Because the statute creates the duty on the part of the account holder and allocates the risk of a misdirected payment to the account holder, the assignee may sue the account debtor for payments without the involvement of the assignor, regardless of whether the account debtor misdirected payment to the assignor.  See Florida Statute § 679.607(1)(c) (after default, a secured party "[m]ay enforce the obligations of an account debtor or other person obligated on collateral and exercise the rights of the debtor with respect to the obligation of the account debtor or other person obligated on collateral to make payment or otherwise render performance to the debtor, and with respect to any property that secures the obligations of the account debtor or other person obligated on the collateral."); Florida Statute  § 679.607(1)(c) cmt. 3 (this section "explicitly provides for the secured party's enforcement of the debtor's rights in respect of the account debtor's (and other third parties') obligations and for the secured party's enforcement of

supporting obligations with respect to those obligations.")

Defendant, however, challenges whether the Uniform Commercial Code applies here and contends that the agreement entered into between Plaintiff and Connolly permitted Plaintiff to sell or put back to Connolly any invoices not paid within 90 days of the invoice date, thus making this agreement a loan and not a sale. See In re Siskey Hauling Co., Inc., 456 B.R. 597, 607-08 (Bankr. N.D. Ga. 2011).

For purpose of a clear record, the Court will assume arguendo that the Uniform Commercial Code applies and complete relief could be afforded to Plaintiff without Connolly (or its bankruptcy estate). The Court must then examine whether disposing of this action in Connolly's absence would impede the Trustee's ability to protect the interests of the bankruptcy estate or leave the bankruptcy estate with a substantial risk of incurring multiple obligations pursuant to Rule 19(a)(1)(B)(i) and (ii). Given that the declaration of the Trustee states that any determination by this Court of the alleged factoring agreement may affect the bankruptcy estate, Connolly could be considered a required party. Given that the Court has found that Connolly cannot be joined, the Court will now analyze whether Defendant has shown that Connolly is an indispensable party under Rule 19(b).

The Court finds that Defendant has not met the requirements under Rule 19(b). The evidence before the Court only shows that the Trustee "may" commence an adversary proceeding against Plaintiff and that the instant suit "may" impair the administration of the bankruptcy estate. (Grossman Aff. ¶ ¶ 7-8.) Such assertions are too speculative and contingent to justify dismissal of Plaintiff's case. Further, although the Trustee states that the bankruptcy estate includes $610,165.39 in accounts receivables, the Trustee does not identify what portion of that

amount is attributable to Plaintiff.  (Id. at ¶ 6.)   This is hardly a showing of prejudice as required

under Rule 19(b).  In any event, even if any prejudice could be ascertained, such prejudice could

be lessened by permitting Defendant to inform the Court when the Trustee commences an

adversary proceeding against Plaintiff and, upon that notice, staying the instant case in deference

to the adversary proceeding. Additionally, Plaintiff would not have means of obtaining a remedy

against Defendant if this case was dismissed for non-joinder unless the Trustee, in his discretion,

chooses to bring an adversary action against Plaintiff in which the validity of the assignment in

question can be determined.  For these reasons, and applying the factors of Rule 19(b), the Court

finds that Connolly is not an indispensable party and dismissal of the instant case is not

warranted.[4]

IV.  Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1)      Defendant's Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P.
        19(b) for Failure to Join a Necessary Party or, in the alternative, to Transfer Venue
        to the United States Bankruptcy Court for the District of Massachusetts or Stay
        this Action Pending Resolution of the Bankruptcy Case and Any Proceedings
        Arising in or Related thereto (DE 11) is **DENIED**.  Defendant may move for a
        stay in this case, should an adversary proceeding in bankruptcy be instituted
        against Plaintiff.

2)      Defendant's Request for Judicial Notice (DE 12) is **GRANTED.**

---

[4] The Court also finds that Defendant's alternative requested relief of transferring the case
to the Massachusetts bankruptcy court to be inappropriate.

3)      Plaintiff 's Motion to Strike Declaration of Stewart F. Grossman (DE 22) is

**DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County,

Florida, this 8th day of July, 2015.

_____

KENNETH A. MARRA
United States District Judge

10