UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 9:15-CV-80200-CIV-KAM

DURHAM COMMERCIAL CAPITAL CORP.,
a New York Corporation,

        Plaintiff,

v.

OCWEN LOAN SERVICING, LLC, a Delaware
Limited liability company,

        Defendant.
_____/

## DURHAM COMMERCIAL CAPITAL CORP.'S NOTICE OF CHOICE OF LAW

Plaintiff, Durham Commercial Capital Corp. ("Durham"), by and through its undersigned counsel, respectfully files this Notice of Choice of Law pursuant to the Court's request at the hearing held on Friday, February 24, 2017, and states as follows:

The Factoring Agreement between Durham and Connolly, Geaney, Ablitt and Willard ("CGAW") provides for New York law, accordingly, Durham finds that Florida law would apply New York's version of the UCC.

Durham and Ocwen Loan Servicing, LLC ("Ocwen") have asserted various claims and defenses that arise under the UCC, namely sections 9-406 and 9-404. Sections 9-404 and 9-406 of the UCC, for the purpose of the analysis in Durham's case-in-chief and Ocwen's defenses, have been adopted uniformly nationwide and each state's version are either identical or differ in no material respect thereby negating any choice of law analysis. Accordingly this Court can apply New York law but, nonetheless, New York courts agree that it is essential for courts to look to all jurisdictions throughout the country that have interpreted the UCC so that the interpretation and enforcement of the UCC is uniform. Accordingly, it is Durham's position that

Case 9:15-cv-80200-KAM   Document 150   Entered on FLSD Docket 02/28/2017   Page 2 of 3

*Durham Commercial Capital Corp. v. Ocwen Loan Servicing, L.L.C.*
Case No. 9:15-CV-80200-KAM
Durham Commercial Capital Corp.'s Notice of Choice of Law
Page 2 of 3

this Court should look to cases in Florida and New York as well as others throughout the country when interpreting New York's versions of 9-404, 9-406 or any other provision of Article 9 that becomes an issue in this action.

As to Ocwen's defenses that arise under the Local Counsel Agreement between Ocwen and CGAW, it is Durham's position that Florida law applies to the substantive legal issues arising from the Local Counsel Agreement because the agreement expressly provides that Florida law applies.

As to Ocwen's "dominion and control" defenses (Affirmative Defenses 3, 4, 5, 8, 9 and 10), although the law in New York (Durham's principal place of business), Florida (the forum state) and Massachusetts (CGAW's principal place of business) are stated slightly differently, the law of agency, actual and apparent authority, is identical in Florida, New York and Massachusetts, which would all result in the Court reaching the same conclusion when applying the law to the facts of this case. Therefore, this Court does not need to decide which state's law applies and can decide these defenses under the laws of each state.

Respectfully submitted,

ULLMAN & ULLMAN, P.A.
*Attorneys for Durham Commercial Capital Corp.*
7700 W. Camino Real, Suite 401
Boca Raton, Florida 33433
Telephone: (561) 338-3535
Facsimile: (561) 338-3581

BY: */s/ Michael W. Ullman*
    MICHAEL W. ULLMAN
    Florida Bar No. 259667
    Email: michael.ullman@uulaw.net
    JARED A. ULLMAN
    Florida Bar No. 90500
    Email: jared.ullman@uulaw.net

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished to all counsel of record via the court's ECF Filing System on this 28th day of February, 2017.

By: /s/ *Michael W. Ullman*
MICHAEL W. ULLMAN

F:\wp51 14\140031\Pleadings (Durham v. Ocwen)\Notice of Filing Choice of Law.(2-28-17).FINAL.docx