UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-80200-CIV-MARRA/MATTHEWMAN

DURHAM COMMERCIAL CAPITAL
CORP.,
a New York corporation,

Plaintiff,

vs.

OCWEN LOAN SERVICING, LLC, a Delaware
limited liability company,

Defendant.
_____/

## OPINION AND ORDER

This cause is before the Court upon Defendant's Motion for Summary Judgment (DE 77); Plaintiff's Amended Motion for Summary Judgment (DE 93); Plaintiff's Objection to and Motion to Exclude Portions of Defendant's Summary Judgment Evidence from the Summary Judgment Record (DE 99); Plaintiff's Motion to Exclude Portions of the Summary Judgment Evidence Proffered by Defendant in Connection with Defendant's Memorandum in Opposition to Plaintiff's Motion for Final Summary Judgment (DE 107); Defendant's Renewed Motion to Dismiss or, in the alternative, to Transfer or Stay as to Durham's Alternative Theory of Liability (DE 124); Defendant's Motion to Strike (DE 141) and Plaintiff's Motion to Strike (DE 148).

I.  Background

The facts, as culled from affidavits, exhibits, depositions, answers, answers to interrogatories, for the purpose of these motions, are as follows:

Plaintiff Durham Commercial Capital Corporation ("Plaintiff") is in the factoring

business, which entails the contractual purchasing of accounts from a client. In this case, Plaintiff purchased the accounts of the law firm, Connolly, Geaney, Ablitt and Willard, P.C. ("CGAW").[1] (DE 100-1 at ¶ 1.) On November 7, 2012, CGAW (through its predecessor name Ablitt Scofield, P.C.) and Plaintiff entered into a non-recourse receivables purchase contract and security agreement (the "factoring agreement"). (DE 100-1 at ¶ 2.) Defendant Ocwen Loan Servicing, LLC ("Defendant") is a mortgage servicing company that services mortgage loans, often on behalf of residential mortgage backed securities trusts. (DE 100-1 at ¶ 4.)

On or about June 12, 2012, CGAW and Defendant entered into a local counsel agreement pursuant to which CGAW performed legal services for Defendant including evictions, bankruptcies and mortgage foreclosure actions. (DE 100-1 ¶ 8.) CGAW issued invoices to Defendant for legal services and costs that CGAW incurred in connection with professional legal services performed for Defendant. (DE 100-1 ¶ 9.) CGAW was required to submit invoices on loans being serviced by Defendant via Defendant's REALRemit processing system. (DE 100-1 ¶ 10.) Defendant claims it cannot unilaterally change vendor payment remittance information on its system (Bryon Gay Decl. ¶¶ 32-36, DE 79),[2] whereas Plaintiff claims Defendant can change this information (Dec. 6, 2012 email, DE 79-5).

In or about late 2012, Defendant acquired another mortgage servicer named Homeward

---

[1] CCAW is now in bankruptcy proceedings. (DE 78-3.)

[2] The Court denies Plaintiff's motion to exclude this portion of Gay's declaration, as Gay acted as a corporate representative and is competent to testify as to Defendant's corporate knowledge. See Sunbelt Worksite Mktg., Inc. v. Metropolitan Life Ins. Co., No. 8:09–cv–02188–EAK–MAP, 2011 WL 3444256, at *2 (M.D. Fla. Aug. 8, 2011) ("it is not necessary for a corporate representative designated as a Rule 30(b)(6) witness to have direct, personal knowledge of each and every fact discussed in an affidavit or deposition").

Residential, Inc. f/k/a American Home Mortgage Servicing, Inc. ("American Mortgage").  In or about early 2013, Defendant acquired from GMAC, Inc. ("GMAC"), GMAC's mortgage servicing rights to various mortgage loans. (DE 100-1 ¶ 11.)

On December 6, 2012, Plaintiff sent Defendant correspondence that stated the following:

> I am pleased to inform you that [CGAW] has attained [Plaintiff] as a source of capital and accounts receivable processor.  This will enable [CGAW] to accommodate the growth and development of their business while maintaining a high level of customer service.
>
> As part of the program the accounts receivable of [CGAW] have been assigned to [Plaintiff] and are processed through [Plaintiff].  Therefore payments of invoices should be made payable to and mailed directly to:
>
> Durham Commercial Capital Corp.
> for the account of:
> [CGAW]
> 101 Sully's Trial, Bldg 20
> Pittsford, NY 14534
>
> This assignment has been duly recorded under the Uniform Commercial Code. Please make the proper notations on your ledger and acknowledge receipt of this assignment by signing at the place provided and fax a copy to [Plaintiff] . . . Payment to any other party will not constitute payment. . . This notice and instructions herein will remain in full force and effect until you are notified to the contrary in a writing signed by [Plaintiff] . . .

(Craig McGrain Decl. ¶ 9, DE 93-3.)

Plaintiff filed UCC-1 Form on November 14, 2012. (Ex. 3, DE 93-3.)  Plaintiff filed UCC-3 Form - Amendment on October 10, 2013. (Ex. 4, DE 93-3.)  Plaintiff sent follow-ups to the December 6, 2012 letter to Defendant, dated December 21, 2012, September 10, 2013, January 7, 2014 and May 22, 2014. (Ex. 4-7, DE 93-3.)

Plaintiff's motion for summary judgment argues that (1) Defendant breached its statutory duty under Florida Statute § 679.4061(1) to pay the accounts to Plaintiff; (2) Defendant waived

3

all of its defenses by paying Plaintiff more than $400,000.00 without dispute and (3) Defendant's defenses are legally insufficient and/or factually unsupportable.

Defendant's motion for summary judgment makes the following arguments: (1) Plaintiff has failed to adduce evidence sufficient to establish what accounts receivable it factored and retained; (2) Plaintiff has waived its rights to collect payment from Defendant because Defendant told Plaintiff it considered Plaintiff to be a vendor, Plaintiff did not change the payment remittance information even though it had access to do so, Plaintiff knew Defendant was continuing to direct payments to CGAW, and Plaintiff had an arrangement with CGAW to hold payments in trust and remit to Plaintiff; (3) Plaintiff's notices of assignment were invalid and vague; (4) Defendant has a defense and offset by virtue of CGAW's misappropriation and (5) the factoring agreement is void as a matter of public policy.

## II. Summary Judgment Standard

The Court may grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The stringent burden of establishing the absence of a genuine issue of material fact lies with the moving party. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The Court should not grant summary judgment unless it is clear that a trial is unnecessary, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986), and any doubts in this regard should be resolved against the moving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).

The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp., 477 U.S. at 323. To discharge this

burden, the movant must point out to the Court that there is an absence of evidence to support the nonmoving party's case.  Id. at 325.

After the movant has met its burden under Rule 56(a), the burden of production shifts and the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Electronic Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record . . . or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A) and (B).

Essentially, so long as the non-moving party has had an ample opportunity to conduct discovery, it must come forward with affirmative evidence to support its claim.  Anderson, 477 U.S. at 257.  "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990).  If the evidence advanced by the non-moving party "is merely colorable, or is not significantly probative, then summary judgment may be granted." Anderson, 477 U.S. 242, 249-50.

III. Discussion

New York Uniform Commercial Code §9-406(a)[3] states:

(a) Discharge of account debtor; effect of notification. Subject to subsections (b) through (h), an account debtor on an account, chattel paper, or a payment intangible may discharge its obligation by paying the assignor until, but not after, the account debtor receives a notification, authenticated by the assignor or the assignee, that the amount due or to become due has been assigned and that payment is to be made to the assignee. After

---

[3] The parties agree that New York law applies to the factoring agreement. (DE 150, 151.)

>receipt of the notification, the account debtor may discharge its obligation by paying the assignee and may not discharge the obligation by paying the assignor.

N.Y.U.C.C. § 9-406.

The parties disagree whether the notice provided by Plaintiff to Defendant was sufficient under this provision. The December 6, 2012 letter identified that the accounts receivable of CGAW were now assigned to Plaintiff, told Defendant the assignment was recorded under the Uniform Commercial Code, informed Defendant how payment should be made and that payment made to any other party would not constitute payment. The Court finds, as a matter of law, that this constitutes effective notice. See General Motors Acceptance Corp. v. Albany Water Bd., 187 A.D. 2d 894, 896 (N.Y App. Div. 1992) (no particular form is required as long as the notice apprises debtor of assignment or puts debtor on inquiry); see also Santander Bank, N.A. v. Durham Comm. Capital Corp., No. 14–13133–FDS, 2016 WL 199408, at * 8 (D. Mass. Jan. 15, 2016) (no "magic words" required for notices to be effective) (quoting Municipal Trust and Sav. Bank v. Grant Park Community Dist., 525 N.E.2d 255, 258 (Ill. App. Ct. 1988)); John Deere Co. v. Neal, 544 S.W.2d 514 (Tex. Civ. App. 1976) ("notice of assignment without notice that future payments are to be made to the assignee will not impose double liability on the obligor who pays an assignor"); City of North Miami v. American Fidelity Fire Ins. Co., 505 So. 2d 511 (Fla. Dist. Ct. App. 1987) (assignment which did not request account debtor to pay assignee not sufficient notice that payment to be made to assignee); American Bank of Commerce v. City of McAlester, 555 P.2d 581 (Okla. 1976) (delivery of the assignment constituted notice of assignment and gave rise to duty of account debtor to make payments to assignee); First Nat. Bank of Rio Arriba v. Mountain States Tel. & Tel. Co., 571 P.2d 118 (N.M. 1977) (no reason to instruct account debtor

to pay assignee where unconditional language of assignment).

In so finding, the Court rejects Defendant's argument that Plaintiff must identify actual purchases and identify actual CGAW invoices it purchased. Significantly, the caselaw upon which Defendant relies, Durham Commercial Capital Corp. v. Select Portfolio Servicing, Inc., 14-cv-877-J-34PDB (M.D. Fla. Jan. 30, 2017), is unpersuasive because that complaint sought payment on purchased accounts, whereas the instant complaint seeks payment on both purchased and non-purchased accounts.

Next, Defendant contends that it did not understand the notice to reflect an assignment, and communicated that to Plaintiff. The facts, however, show that Plaintiff followed up the initial letter by five additional notices of assignment. In any event, as long as Plaintiff complied with N.Y.U.C.C. § 9-406, there is effective notice and Defendant is responsible for its conduct after such notice.[4]

Next, the Court will address the various defenses.[5] With respect to many of the affirmative defenses, the Court concludes that there are genuine issues of material fact that preclude the granting of summary judgment to either party.

The Court examines the arguments surrounding waiver raised by both parties. "The

---

[4] Given that Plaintiff provided adequate notice of the assignment, summary judgment for Defendant on affirmative defenses one (failure to state a claim when U.C.C. § 9-406 is inapplicable), thirteen (Plaintiff's claims are barred because Defendant did not breach any legal duty owed to Plaintiff) and sixteen (notice of assignment is insufficient) is denied and granted to Plaintiff.

[5] The Court will apply Florida law to the defenses. The parties agreed that Florida law applies to the issues relating to the local counsel agreement. Plaintiff states that Defendant's "dominion and control" defenses would have the same outcome under Florida, New York or Massachusetts law.

elements of waiver are: (1) the existence at the time of the waiver of a right, privilege, advantage, or benefit which may be waived; (2) the actual or constructive knowledge of the right; and (3) the intention to relinquish the right." Zurstrassen v. Stonier, 786 So. 2d 65, 70 (Fla. Dist. Ct. App. 2001) (citing Leonardo v. State Farm Fire & Cas. Co., 675 So. 2d 176, 178 (Fla. Dist. Ct. App. 1996)).  Issues of waiver typically involve factual issues, making it inappropriate for summary judgment. Goodwin v. Blu Murray Ins. Agency, Inc., 939 So. 2d 1098, 1104 (Fla. Dist. Ct. App. 2006); Scheibe v. Bank of Am., N.A., 822 So. 2d 575, 575 (Fla. Dist. Ct. App. 2002); Woodruff v. Government Employees Ins. Co., 669 So. 2d 1114, 1115 (Fla. Dist. Ct. App. 1996).

Plaintiff contends Defendant waived all of its defenses by paying certain CGAW invoices to Plaintiff without raising any defenses at the time. Defendant, however, points out that those payments were the result of remittance information entered into CGAW's remittance system, of which Defendant claims it had no control.[6]  (Def. Statement ¶¶ 39-43, DE 78.)  As such, Defendant has raised a genuine issue of material fact as to whether it intended to waive its right to assert its defenses.

Likewise, there are questions of fact regarding Defendant's claim of waiver.  Defendant asserts that Plaintiff knew that Defendant did not understand that Plaintiff was assignee of CGAW accounts, that Plaintiff could have changed the remittance information and Plaintiff did nothing to address the continued payments to CGAW.  Plaintiff, however, points out that numerous notices of assignment were sent to Defendant and that there is a question of fact as to

---

[6] There is a question of fact on this point as well. (Pl. Statement ¶ 41, DE 98-1.)

whether Plaintiff had the ability to make changes to the remittance system.[7] [8] (Pl. Resp. To Def. Mot., DE 98 at 11.)

Next, the Court will briefly highlight some of the factual issues with respect to Defendant's set-off defense. According to Defendant, CGAW breached its local counsel agreement with Defendant on November 28, 2012 by failing to remit to Defendant third-party foreclosure funds in the amount exceeding $1.5 million. Due to these breaches, Defendant contends that it was excused from performance under the contract, including its obligation to pay CGAW on invoices submitted by the firm. Defendant asserts that this defense is equally applicable to Plaintiff's claim as assignee and constitutes a valid offset pursuant to N.Y.U.C.C. § 9-404.

Various factual issues preclude the granting of summary judgment on this defense. First, the breaches at issue, and the damages resulting from the breaches, arose from services rendered

---

[7] Defendant relies upon a deposition that states Plaintiff had access to the remittance system, but the witness only testified that Plaintiff had access to invoice numbers and payment status. The additional correspondence relied upon by Defendant shows Plaintiff was given a password to the remittance system, but not the type of access given. (Def. Statement ¶ 44, DE 78.)

[8] Defendant states that the same facts support the following affirmative defenses (DE 100 at 17 n.14): estoppel, ratification, accord and satisfaction, failure to mitigate, laches and affirmative defense seven which states that "[a]ny harm suffered or damages incurred by Plaintiff were caused in whole or in part by the negligent and improper conduct of Plaintiff and/or third parties not within the knowledge or control of [Defendant], for which acts or omissions [Defendant] is not responsible." As such, there are factual questions surrounding these affirmative defenses. These same factual inquiries implicate Defendant's eighth affirmative defense that Plaintiff's claims are barred because it has no standing and suffered no damages since Plaintiff was in control of CGAW's finances.

pursuant to a contract between CGAW and Homeward, not Defendant.[9] There are also questions of fact relative to the contractual relationships among the parties which would permit Defendant to be able to assert a setoff defense stemming from a breach by CGAW of a contract different than the contract upon which Plaintiff's claim is based. Lastly, there are questions of fact as to whether Defendant is the real party in interest to claim this defense, as opposed to the certificate holders to whom the withheld funds are ultimately due.

Next, the Court finds, as a matter of law, that affirmative defense two- the failure to join CGAW as a necessary party - and affirmative defense fourteen - that Plaintiff's claims are barred to the extent Plaintiff's interest in CGAW's accounts was subordinate to other secured creditors - are not viable here since the Court's ruling is not based upon a security interest.[10] (Tr. at 82.) Thus, summary judgment is granted for Plaintiff and denied for Defendant with respect to these defenses.

Lastly, Defendant argues that the factoring agreement violates the rules of professional conduct when CGAW provided Plaintiff with access to its confidential files and established an impermissible fee-splitting arrangement between a law firm and non-lawyers.[11] The Court disagrees. See Santander Bank, N.A. v. Durham Commercial Capital Corp., No. 14–13133–FDS, 2016 WL 199408, at * 7 (D. Mass. Jan. 1, 2016) ("the very existence of section

---

[9] This argument also implicates Defendant's affirmative defense eleven which states that "Plaintiff's claims are barred, in whole or in part, because it is subject to defenses that [Defendant] may have against CGAW." Defendant's setoff affirmative defense is number fifteen.

[10] For this reason, the Court denies Defendant's motion to dismiss or transfer to the bankruptcy court.

[11] This is affirmative defense twelve.

10

9 of the Uniform Commercial Code evidences a public policy in favor the creation and assignment of security interests"). The cases relied upon by Defendant in support do not address a factoring agreement. Even assuming <u>arguendo</u> that CGAW engaged in wrongdoing, while that may be a basis for a claim of legal malpractice, it is an inadequate basis to void an otherwise valid agreement. <u>Id.</u> Summary judgment is granted to Plaintiff and denied to Defendant regarding this defense.

## IV.  Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1) Defendant's Motion for Summary Judgment (DE 77) is **DENIED**.

2) Plaintiff's Amended Motion for Summary Judgment (DE 93) is **GRANTED IN PART AND DENIED IN PART.**

3) Plaintiff's Objection to and Motion to Exclude Portions of Defendant's Summary Judgment Evidence from the Summary Judgment Record (DE 99) is **DENIED IN PART WITH RESPECT TO THE GAY DECLARATION RELIED UPON IN THIS ORDER AND DENIED AS MOOT IN PART** with respect to the evidence not relied upon in its rulings.

4) Plaintiff's Motion to Exclude Portions of the Summary Judgment Evidence Proffered by Defendant in Connection with Defendant's Memorandum in Opposition to Plaintiff's Motion for Final Summary Judgment (DE 107) is **DENIED AS MOOT** because the Court did not rely upon this evidence in its rulings.

5)  Defendant's Renewed Motion to Dismiss or, in the alternative, to Transfer or

        Stay as to Durham's Alternative Theory of Liability (DE 124) is **DENIED**.

6)     Defendant's Motion to Strike Docket Entry 140 (DE 141) is **GRANTED** as a violation of Local Rule 7.1(c) which prohibits additional memoranda of law without prior leave of Court.

7)     Plaintiff's Motion to Strike Docket Entry 146 (DE 148) is **GRANTED** as a violation of Local Rule 7.1(c) which prohibits additional memoranda of law without prior leave of Court.

8)     The case has been set for the two-week trial period beginning July 10, 2017. Calendar call will be at 10 a.m. on July 7, 2017. The trial will address the remaining affirmative defenses. The parties must conduct mediation 60 days prior to calendar call.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 30th day of March, 2017.

_____
KENNETH A. MARRA
United States District Judge